## West Chicago Street Railroad Company v. William H. Ranstead.

1. ORDINARY CARE—*A Question for the Jury.*—Whether a person
who was struck by a street car was exercising ordinary care is a ques-
tion for the jury, and in considering it, they may take into considera-
tion, the usual conduct of ordinarily prudent and careful persons in
threading their way across streets thronged by the multitudes of a great
city.

2. SAME—*Drunken Man Entitled to the Exercise of, for His Protection.*—A drunken man is as much entitled to the exercise of ordinary care for his safety as a sober one, and much more in need of it.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed if remittitur be entered, otherwise reversed and remanded. Opinion filed May 6, 1897.

ALEXANDER SULLIVAN, attorney for appellant; E. J. McARDLE, of counsel.

In the highway the rights of the pedestrian and public are mutual, concurrent and reciprocal, but in the tracks the traveler's right is subordinate, the cars superior. Booth, St. Ry. Law, Sec. 303; Chicago, B. & Q. R. R. Co. v. Lee, Adm'r, 87 Ill. 454; Baker v. Eighth Ave. R. R. Co., 69 N. Y. Sup. Ct. 39 (62 Hun); Carson v. Fed. St. Ry. Co., 35 Cent. L. J. 145; Child v. N. O. & C. R. R. Co., 33 La. Ann. 154; Donnelly v. B. City R. R. Co., 109 N. Y. 16; Ehrisman v. E. H. C. P. Ry. Co., 24 Atl. R. 596; Fleckenstein v. D. D. E. B. & B. R. Co., 105 N. Y. 655; Smith v. M. C. R. R. Co. 87 Me. 339; Thomas v. Citizens P. Ry. Co., 132 Pa. St. 504; Warner v. People's St. Ry. Co., 141 Pa. St. 615; Wilbrand v. Eighth Ave. R. R. Co., 3 Bosw. 5 N. Y. Sup. 314.

A person taking a more than ordinarily dangerous course must exercise vigilance proportioned to the danger. Beach, Contributory Negligence, Sec. 9, p. 22; Barker v. Savage, 45 N. Y. 191; B. & O. R. R. Co. v. Whitacre, 35 Ohio St. 627; Chicago, B. & Q. R. R. Co. v. Olson, 12 Ill. App. 245; Chicago & N. W. Ry. Co. v. Rielly, 40 Ill. App. 416; Chicago, R. I. & P. R. R. Co. v. Houston, 95 U. S. 697; Childs v. N. O. City R. R. Co., 33 La. Ann. 154; Gumb v. 23d St. Ry. Co., 53 N. Y. Super. Ct. 466; Miller v. St. P. Ry. Co., 42 Minn. 454; Mayor of N. Y. v. Bailey, 2 Denio. (N. Y.) 433.

Taking place of danger is an assumption of all attending risks. Illinois C. R. R. Co. v. Beard, 49 Ill. App. 232; Illinois C. R. R. Co. v. Hall, 72 Ill. 222; Simmons v. T. H. & I. R. R. Co., 110 Ill. 340; Peoria v. Walker, 47 Ill. App.

182; Beach, Contrib. Neg., Sec. 12; Halpin v. 3d Ave. R. R. Co., 40 N. Y. Super. Ct. 175; Johnson v. Canal & C. Ry. Co., 27 La Ann. 53; Mercier v. N. O. & C. R. R. Co., 23 La. Ann. 274; Miller v. St. P. Ry. Co., 42 Minn. 454; Morris v. L. S. & M. S. Ry. Co., 42 N. E. R. 579; Rose v. Phila. R. R. Co., 12 Atl. R. 78; Smith v. M. C. R. R. Co., 87 Me. 339; Trousclair v. Pac. C. S. Co., 80 Cal. 521.

The gripman had a right to assume appellee would take precautions commensurate with the dangers naturally incident to the situation, or created by his own conduct.   Bunyan v. Citizen's Ry. Co., 29 S. W. R. 842; Everett v. Los A. C. E. Ry. Co., 43 Pac. R. 207; Glazebrook v. W. End St. Ry. Co. (Mass.), 35 N. E. R. 553; Fenton v. 2d Ave. Rd. Co., 26 N. E. R. 967; Moore v. P., W. & B. R. R. Co., 108 Pa. St. 349; Poole v. N. Car. & C. R. Co., 8 Jones L. (N. C.) 340; Starry v. D. & S. W. R. Co., 51 Ia. 419.

Collision on a railroad crossing with a traveler is presumptive evidence of his negligence.   Smith v. M. C. R. R. Co., 87 Me. 339; Hooper v. B. & M. R. R. Co., 81 Me. 261.

CASE & HOGAN and MUNSON T. CASE, attorneys for appellee.

A street railroad company has not the exclusive right to the use of the public streets, but only to the use of them jointly with the balance of the public, and therefore its servants must take notice of the number of travelers liable to be on the streets at street crossings, and must exercise the care demanded by the increased danger at such points. Chicago City Ry. Co. v. Jennings, 157 Ill. 278; Baltimore Traction Co. v. Wallace, 77 Md. 435.

In the State of Illinois the right of a traveler to use a street is not subordinate to the right of a railroad company to use their cars thereon.   Chicago West Division Ry. Co. v. Ingraham, 131 Ill. 661.

The gripman had no right to assume that the appellee would take unusual precautions; and it is improper for any court to say, as a matter of law, that the gripman might presume anything.   Presumptions have nothing to do with

the questions involved. Illinois Central R. R. Co. v. Slater, 139 Ill. 199; Chicago & A. R. R. Co. v. Sanders, 154 Ill. 538.

A collision on a railroad crossing with a traveler is not presumptive evidence of his negligence. Chicago, St. L. & P. R. R. Co. v. Hutchinson, 120 Ill. 593; Lake Shore & M. S. Ry. Co. v. Hessons, 150 Ill. 546.

The questions of negligence of the appellant and care were properly submitted to the jury. Chicago & A. R. R. Co. v. Fisher, 38 Ill. App. 40.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

On the 28th day of February, 1894, the appellee, then in his fifty-fifth year, but with, so far as appears, mental and physical powers unimpaired by age or disease, left the hotel where he lodged between five and half past five o'clock P. M. to go north across Madison street, for his supper. His route was over the west cross-walk of Dearborn street.

In the language of the clerk of the hotel, "he" (the appellee) "was sober enough to walk, and drunk enough to be a little noisy," which description of his happy condition is corroborated by the testimony of the proprietor of the hotel.

When he reached the cross-walk, a street car of the appellant was standing on the track, and his own version of the accident, copying from the abstract, is as follows:

"The Madison street car, with reference to the west sidewalk of Dearborn street, was standing about ten feet west on Madison. As I stepped over the first rail, the car struck me and throwed me under the car and rolled me there about twenty feet—ketched me as I was stepping over the first rail and was just going on the track. As I was stepping over the first rail, the south rail, with this foot first and was going with the other, it caught me in the hip and throwed me against another gentleman that was walking side of me."

To a man attentive to his surroundings, and in the exercise of ordinary care, no such accident could have happened.

The home of the appellee had been in Chicago nearly all his life. He knew, or if he had given a thought to the matter, would have known, that the car was stopped only momentarily.

Thus far I have written my own opinion, but the majority of the court does not agree to the conclusion at which I arrive.

In the opinion of my colleagues, the question of care by the appellee was for the jury—that in considering it, they might take into consideration the usual conduct of ordinarily prudent and careful persons in threading their way through the crowds, and crossing the streets thronged by the multitudes of the great bustling city.

Also, that other testimony presents the manner of the accident more favorably to the appellee than does his own. A policeman stationed at the crossing, testified that the car was about six feet west of the crossing, and that as the appellee "stepped onto the track the car shoots forward, and Ranstead makes a plunge to get off the track, * * * and the car struck Ranstead and knocked him against another man," and Ranstead fell under the car.

It is in evidence that to cross Dearborn street, cars—they are cable cars—have to make the crossing by the momentum gained before reaching the cable by which another line of cable cars is run upon Dearborn street, at a right angle to the Madison line.

What influence that necessity had upon the care required of the appellant not to injure pedestrians at the crossing—or rather, whether the appellant did in fact exercise such care—was another question for the jury.

Paraphrasing the language in Robinson v. Pioche, 5 Cal. 461, a drunken man is as much entitled to the exercise of such care as a sober one, and much more in need of it.

We all agree that no error is in the record, if upon the evidence the verdict of the jury was justifiable.

The jury awarded ten thousand dollars. After a remittitur of one-fourth of the verdict—probably as a condition of entering judgment for the appellee—the court entered judgment for the other three-fourths.

It is the judgment of this court that those fractions should be exchanged, and that if within ten days after this opinion is filed, the appellee enter another remmittitur of five thousand dollars, the judgment be affirmed for twenty-five hundred dollars; otherwise that the judgment be reversed and the cause remanded; in either event at the cost of the appellee.